UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MEL MARIN,

Plaintiff,

v.

DANIEL MARSHALL,

Defendant.

Case No.: 23-cv-336-RSH-BLM

**ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, PLAINTIFF'S MOTION FOR RECONSIDERATION, AND PLAINTIFF'S MOTION IN LIMINE**

[ECF Nos. 87, 88, 89]

Before the Court is a motion for summary judgment filed by defendant Daniel Marshall [ECF No. 87] and a motion for reconsideration and motion in limine brought by Plaintiff Mel Marin [ECF Nos. 88, 89]. Pursuant to Local Civil Rule 7.1(d)(1), the Court finds the motions presented appropriate for resolution without oral argument. For the reasons below, the Court grants Defendant's motion and denies Plaintiff's motions.

## I.    BACKGROUND

### A.    Plaintiff's Allegations

The instant action arises from unlawful detainer proceedings brought against Plaintiff in California Superior Court. Plaintiff's First Amended Complaint ("FAC") alleges as follows.

In 2007, Plaintiff's sister obtained a home equity loan secured by a condominium located at 2410 Albatross Street, San Diego, California (the "Albatross Property"). ECF No. 78 ¶ 15. According to Plaintiff, the loan was never funded, but the lender, World Savings (later acquired by Wells Fargo), nonetheless sought to foreclose and resell the Albatross Property to new owners. *Id.* ¶¶ 15, 19, 26. In other words, Plaintiff claims the bank never lent any money but was somehow able to successfully foreclose on the Albatross Property. On October 2, 2022, the new owners of the property filed an unlawful detainer action against Plaintiff and his sister in San Diego Superior Court. *Id.* ¶ 27. The owners were represented by defendant Marshall in this unlawful detainer action. *Id.*

## B.    Procedural Background

On February 21, 2023, Plaintiff filed his *pro se* Complaint in the instant action naming seven defendants: Wells Fargo, Clear Recon, the Vanguard Group, John Bahr, John Saxe, John Kallas, and Marshall. ECF No. 1. Plaintiff's Complaint asserted claims for: reformation of contract (Claim 1); deceit (Claim 2); violations of California foreclosure processing statutes (Claim 3 and 4); violations of California's Unfair Competition Law ("UCL") (Claim 5); violation of the California Business Practices Act (Claim 6); setting aside the March 4, 2019 and September 7, 2022 sales, and for quiet title (Claim 7); conversion (Claim 8); and interference with prospective economic advantage (Claim 9). *Id.* ¶¶ 77–295.

On June 24, 2024, the Court granted Wells Fargo's motion for judgment on the pleadings. ECF No. 77. The Court dismissed Clear Recon, Saxe, Kallas, and Vanguard from this action for lack of proper service; and (2) dismissed Wells Fargo and Bahr from this action under the doctrine of *res judicata*. *Id.* at 4–10, 12, 14.[1] The Court granted

---

[1]    The Court's June 24, 2024 Order was interlocutory in nature "[b]ecause it did not resolve all the issues as to all the parties on the merits, leaving nothing to be done but to

Plaintiff leave to file an amended complaint as to Claims 2, 5, 6, 7 and 9 against defendant Marshall only. *Id.* at 14.

On July 15, 2024, Plaintiff filed his FAC, the operative pleading in this case. ECF No. 78. The FAC asserts claims for deceit (Claim 1) and conversion (Claim 2). FAC ¶¶ 79–138. On February 28, 2025, Defendant filed the instant motion for summary judgment. ECF No. 87. On the same day, Plaintiff filed a motion for reconsideration and motion in limine. ECF Nos. 88, 89. On March 21, 2025, Plaintiff filed a response to Defendant's summary judgment motion. ECF No. 90. Defendant did not file a reply in support of his summary judgment motion or responses to Plaintiff's motion for reconsideration or motion in limine.

## II.    LEGAL STANDARD

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 258.

The movant bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party can satisfy this burden by: (1) presenting evidence that negates an essential element of the nonmoving party's case; or (2) demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Id*. at 322–23. If the movant fails to discharge this initial burden, summary judgment must be denied, and the court need not consider the nonmoving

execute the judgment[.]" *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 464 (9th Cir. 1989).

party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970). If the moving party meets this initial burden, however, the nonmoving party cannot defeat summary judgment merely by demonstrating "that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see also Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995) ("The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient.") (citing *Anderson*, 477 U.S. at 252). Rather, the nonmoving party must "go beyond the pleadings" and "by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).

## III.    ANALYSIS

### A.    Defendant's Motion for Summary Judgment

Defendant moves for summary judgment on both Plaintiff's claim for deceit and his claim for conversion. *See* ECF No. 87. The Court addresses both of Plaintiff's claims below.

#### 1.    Deceit (Claim 1)

In Claim 1 of the FAC, Plaintiff asserts a deceit claim pursuant to California Civil Code § 1710. FAC ¶¶ 79–129. Defendant moves for summary judgment on Claim 1, contending: (1) it is barred by California's litigation privilege; and (2) Plaintiff has not raised any issues of fact sufficient to avoid judgment on his claim. *See* ECF No. 87 at 4, 6, 8.

##### a.    California's Litigation Privilege

"Civil Code section 47, subdivision (b) states any 'publication or broadcast' made in the course of a 'judicial proceeding' is privileged." *O'Keefe v. Kompa*, 84 Cal. App. 4th 130, 133 (Ct. App. 2000) (quoting Cal. Civ. Code § 47). "The usual formulation is that the privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that [has] some connection or logical relation to the

action." *Action Apartment Ass'n, Inc. v. City of Santa Monica*, 41 Cal. 4th 1232, 1241 (2007).

"The principal purpose of [California's litigation privilege] is to afford litigants and witnesses the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions." *Silberg v. Anderson*, 50 Cal. 3d 205, 213 (1990) (internal citation omitted). "In order to achieve this purpose of curtailing derivative lawsuits, [California courts] have given the litigation privilege a broad interpretation." *Action Apartment Ass'n*, 41 Cal. 4th at 1241. As such, the litigation privilege is "not limited to statements made during a trial or other proceedings, but may extend to steps taken prior thereto, or afterwards." *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1057 (2006).

Here, Plaintiff's deceit claim is based on his allegations Defendant wrongfully initiated an unlawful detainer action against Plaintiff and his sister in California state court. FAC ¶ 27. Plaintiff alleges Defendant initiated this action despite knowing, or having reason to know, that the lender lacked the power to grant the new owners of the Albatross Property the right of possession. *Id.* ¶ 100–105.

Defendant's filing of an unlawful detainer action plainly falls within the litigation privilege. *See Action Apartment*, 41 Cal. 4th at 1249 ("We contemplate no communication that is more clearly protected by the litigation privilege than the filing of a legal action."); *Bisno v. Douglas Emmett Realty Fund 1988*, 174 Cal. App. 4th 1534, 1551 (Ct. App. 2009) ("[A]n unlawful detainer action falls squarely within the litigation privilege[.]"); *Feldman v. 1100 Park Lane Assocs.*, 160 Cal. App. 4th 1467, 1486 (Ct. App. 2008) (holding defendant's "filing of the unlawful detainer action clearly fell within the litigation privilege"); *see also Williams v. U.S. Bank Nat. Assoc.*, No. ED CV12-00748-JLQ, 2013 WL 571844, at *2–3 (C.D. Cal. Feb. 13, 2013) (holding that plaintiff's claim that defendants executed a false declaration in state court to obtain a default judgment in an unlawful detainer action was barred by the litigation privilege); *Ananiev v. Aurora Loan Servs.*, LLC, No. C 12-2275 SI, 2012 WL 4099568, at *4 (N.D. Cal. Sept. 17, 2012), *aff'd*, 713 F. App'x 668 (9th Cir. 2018) (plaintiff's claims predicated on

5

allegations defendants law firm filed an unlawful detainer action foreclosed by litigation privilege).

California's litigation privilege is "absolute in nature." *Silberg*, 50 Cal. 3d at 215. It applies to all torts except malicious prosecution. *Id.* at 216. Plaintiff's deceit claim sounds in tort and is barred by the litigation privilege. *See Bily v. Arthur Young & Co.*, 3 Cal. 4th 370, 414 (1992) (recognizing a claim under California Civil Code § 1710 as a "misrepresentation tort").

### b. Exceptions

In his Opposition, Plaintiff contends California's litigation privilege does not apply in this case based on a number of purported exceptions—none of which are applicable here. ECF No. 90 at 22–30.

Plaintiff argues first the litigation privilege does not apply because Defendant's filing of an unlawful detainer action was part of a broader conspiracy involving fraudulent and criminal conduct. ECF No. 90 at 22–26. Under California law, however, "the breadth of the litigation privilege cannot be understated. It immunizes defendants from virtually any tort liability (including claims for fraud), with the *sole exception* of causes of action for malicious prosecution." *Olsen v. Harbison*, 191 Cal. App. 4th 325, 333 (Ct. App. 2010) (emphasis added). "[C]ommunications made in connection with litigation do not necessarily fall outside the privilege simply because they are, or are alleged to be, fraudulent, perjurious, unethical, or even illegal." *Kashian v. Harriman*, 98 Cal. App. 4th 892, 920 (Ct. App. 2002); *see Weeden v. Hoffman*, 70 Cal. App. 5th 269, 289 (Ct. App. 2021) (rejecting argument that there is an "illegality exception" to the litigation privilege); *Burns v. Baldwin*, No. SA CV 00-249 AHS (ANx), 2001 U.S. Dist. LEXIS 25237, *17 (C.D. Cal. Dec. 21, 2001) ("California law does not acknowledge a 'conspiracy exception' to the litigation privilege.").

Plaintiff next argues Defendant's filing of an unlawful detainer action falls within the spoliation exception of the litigation privilege. ECF No. 90 at 23–24. California Civil Code § 47(b)(2) provides that the litigation privilege "does not make privileged any

communication made in furtherance of an act of intentional destruction or alteration of physical evidence undertaken for the purpose of depriving a party to litigation of the use of that evidence." Cal. Civ. Code § 47(b)(2). However, "the spoliation exception to the litigation privilege applies only where the alleged alteration or destruction is intended to deprive a party of the *use* of the evidence, and where a communication *furthers* the act of spoliation." *Davis v. Ross*, 39 Cal. App. 5th 627, 631 (Ct. App. 2019) (internal citation omitted) (emphasis in original). Plaintiff has not provided any explanation as to why Defendant's filing of an unlawful detainer action furthered any alleged acts of spoliation. Indeed, Plaintiff's deceit claim is not based on Defendant's spoliation of evidence, but on Defendant's filing of an unlawful detainer action. *See* FAC ¶ 100.[2]

Finally, Plaintiff argues the Court may elect not to adhere to California's litigation privilege in a federal question case, citing the Ninth Circuit's decision in *Religious Technology Center v. Wollersheim*, 971 F.2d 364 (9th Cir. 1992). ECF No. 90 at 23–24. In *Religious Technology*, plaintiffs filed suit against defendants alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Copyright Act, and state tort law. 971 F.2d at 365. The Ninth Circuit rejected Defendant's argument Plaintiff's copyright claim was barred by California's litigation privilege, holding "federal courts will recognize state privileges only in cases in which 'state law supplies the rule of decision.'" *Id.* at 367 (quoting Fed. R. Evid. 501). In contrast, here, Defendant is raising the litigation privilege as a bar to Plaintiff's state law claim for deceit. California substantive law provides the rule of decision for this claim and the litigation privilege, therefore, applies. *See Troyer v. Shrider*, No. CV 08-5042 PSG(JWJX), 2008 WL 4291450, at *3 (C.D. Cal. Sept. 15, 2008) ("Because California law provides the rule

---

[2]    Plaintiff also "cannot raise a new theory for the first time in opposition to summary judgment." *Patel v. City of Long Beach*, 564 F. App'x 881 (9th Cir. 2014); *see Stedman v. McAdam's Fish, LLC*, No. 318CV00130AJBAGS, 2018 WL 5279131, at *3 (S.D. Cal. Oct. 24, 2018) ("[I]t is well settled that a plaintiff cannot raise a new theory in opposition to a summary judgment motion.").

of decision for Plaintiff's [state law] claims . . . the litigation privilege applies to these claims."); *see Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*, 790 F. Supp. 2d 1024, 1030 (N.D. Cal. 2011) ("*Religious Technology Center* stands for the uncontroversial rule that California's litigation privilege does not apply to *federal* claims. It does not stand for the proposition that the litigation privilege does not apply to pendent *state* claims.") (emphasis in original).

### c. Essential Element

Even if the California litigation privilege did not apply, summary judgment would still be proper on Plaintiff's deceit claim, as Plaintiff cannot establish the essential elements of his claim. *See Celotex*, 477 U.S. at 322 ("[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

Plaintiff asserts his deceit claim under California Civil Code § 1710(2). FAC ¶ 106. Under California Civil Code § 1709, "[o]ne who willfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers." Cal. Civ. Code § 1709. California Civil Code § 1710(2) defines deceit as an "assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true[.]" Cal. Civ. Code § 1710(2). Under California law, "[a] claim for fraud or deceit requires allegations of 'a representation, usually of fact, which is false, knowledge of its falsity, intent to defraud, justifiable reliance upon the misrepresentation, and damage resulting from that justifiable reliance.'" *Dealertrack, Inc. v. Huber*, 460 F. Supp. 2d 1177, 1182 (C.D. Cal. 2006) (quoting *Stansfield v. Starkey*, 220 Cal. App. 3d 59, 72–73 (Ct. App. 1990)).

Here, Plaintiff cannot prove multiple essential elements of his deceit claim. First, Plaintiff cannot establish that Defendant made a representation of fact. Plaintiff asserts Defendant made such a representation by "filing a law suit claiming possession." FAC ¶

105. Generally, however, filing a lawsuit, by itself, is not an assertion of fact. Instead, bringing an action for unlawful detainer is an assertion of a *legal* claim seeking a judicial ruling that plaintiff is entitled to possession. *See Frazier v. Superior Court*, 86 Cal. App. 5th Supp. 1, 7 (2022) ("A cause of action for unlawful detainer is a summary proceeding designed to provide an expeditious remedy to recover possession of real property."). Second, Plaintiff cannot establish an "intent to defraud." Plaintiff admits Defendant attached to his unlawful detainer action the deeds allegedly proving that the new owners of the Albatross Property were not entitled to possession. FAC ¶ 100. Far from intending to suppress or conceal these documents, Defendant filed them publicly at the outset of the unlawful detainer action. Finally, Plaintiff also cannot establish that he justifiably relied upon any misrepresentation. Rather than claiming reliance on the alleged falsehood, Plaintiff's FAC clearly states that Plaintiff did not accept Defendant's claim of possession, but instead "had to devote constant time and energy to defend his sister and himself from the eviction suit." *Id.* ¶ 109.

For all the above reasons, the Court grants Defendant's motion for summary judgment as to Plaintiff's deceit claim.

### 2.    Conversion (Claim 2)

In Claim 2 of the FAC, Plaintiff asserts a state law claim for conversion. FAC ¶¶ 130–138. The inclusion of this claim directly contravenes the Court's June 24, 2024 Order, which dismissed Plaintiff's conversion claim without leave to amend. *See* ECF No. 77 at 11–12. The Court's Order further provided Plaintiff leave to amend only certain existing claims against Defendant only. *Id.* at 14. The Court did not permit Plaintiff to reassert his claim for conversion or to add new claims. Courts in the Ninth Circuit "consistently strike or dismiss parties and claims that exceed the scope of an order granting leave to amend." *Strifling v. Twitter Inc.*, No. 22-CV-07739-JST, 2024 WL 54976, at *1 (N.D. Cal. Jan. 4, 2024) (collecting cases). As Plaintiff has exceeded the scope of the limited leave to amend granted, the Court strikes Claim 2.

///

**B.    Plaintiff's Motion for Reconsideration**

Plaintiff requests that the Court reconsider its June 24, 2024 Order on Wells Fargo's motion for judgment on the pleadings. *See* ECF Nos. 88; 90.

### 1.    Timeliness

The Court looks first to the timeliness of Plaintiff's reconsideration motion. Under Civil Local Rule 7.1.i.2, "any motion or application for reconsideration must be filed within twenty-eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered." Civil L.R. 7.1.i.2. Here, Plaintiff's motion was filed on February 28, 2025, well after the Court issued its June 24, 2024 Order. ECF Nos. 77, 88. This is, by itself, is grounds for denial. *See Hammett v. Sherman*, No. 19CV605-LL-AHG, 2022 WL 4793488, at *3 (S.D. Cal. Sept. 30, 2022) (holding motion for reconsideration was untimely under Civil Local Rule 7.1.i.2); *Appel v. Concierge Auctions, LLC*, No. 17-CV-2263-BAS-MDD, 2018 WL 4700472, at *2 (S.D. Cal. Oct. 1, 2018) (holding motion for reconsideration of interlocutory order was untimely "[u]nder the strict letter of the local rules"); *see also Waltner v. FDIC,* 549 F. App'x 678, 679 (9th Cir. 2013) (district court did not abuse its discretion in denying motion for reconsideration as untimely under local rules); *Marks v. City of Seattle*, 125 F. App'x 170, 171 (9th Cir. 2005) (same).

Indeed, the length of delay between Plaintiff's motion and the Court's June 24, 2024 Order is significant here. Notably, Plaintiff does not explain why he waited over *eight months* after the issuance of the Court's June 24, 2024 Order before filing his motion for reconsideration. Accepting Plaintiff's motion for reconsideration now after such an unreasonable delay would surely be prejudicial to Clear Recon, Saxe, Kallas, Vanguard, Bahr, and Wells Fargo—who have long since been dismissed from this case. *See Diakite v. Poladian*, No. 19CV1341-DMS(MSB), 2021 WL 308278, at *2 (S.D. Cal. Jan. 28, 2021) (denying motion for reconsideration as untimely where it was filed eight months after issuance of order); *Koby v. ARS Nat'l Servs., Inc.*, No. 09CV0780 JAH JMA, 2010 WL 5249834, at *2 (S.D. Cal. Dec. 23, 2010) (denying motion for reconsideration as untimely in light of six month delay). The Court can and does deny

1    Plaintiff's motion on this basis.

2         *2.    Sufficient Grounds*

3         Even if Plaintiff's motion was timely, the Court's prior June 24, 2024 Order was

4    not erroneous. Plaintiff advances two arguments in support of reconsideration. First,

5    Plaintiff argues that the Court lacked subject matter jurisdiction over this action when

6    Plaintiff filed it and that the Court's June 24, 2024 Order must therefore be vacated. ECF

7    No. 90 at 6–11. Second, Plaintiff argues that the Court substantively erred by dismissing

8    Wells Fargo from this action under the "two-dismissal rule." ECF No. 88-2 at 10–18.[3]

9    The Court addresses each of these arguments below.

10         *a.    Colorado River Stay*

11         Plaintiff argues the Court must vacate its prior Orders and stay the case under the

12   *Colorado River* doctrine because the Albatross Property was already the subject of two

13   state court actions at the time he filed this federal action. ECF No. 90 at 8–9.

14         Under the *Colorado River* doctrine, "a federal court may decline to exercise its

15   virtually unflagging obligation to exercise federal jurisdiction, in deference to pending,

16   parallel state proceedings." *Montanore Minerals Corp. v. Bakie*, 867 F.3d 1160, 1165

17   (9th Cir. 2017) (internal quotation marks omitted). The doctrine applies under certain

18   circumstances when there are "pending state court proceedings involving the same

19   property." *Id.* at 1166. Courts consider eight factors in determining whether a *Colorado*

20   *River* stay is appropriate, including "which court first assumed jurisdiction over any

21   property at stake." *Id.* As to this first factor, the Ninth Circuit has held that under the prior

22

23

24   [3]    Plaintiff also argues the Court erred by dismissing defendants Clear Recon, Saxe,
     Kallas, and Vanguard under Rule 4(m) without explicitly stating this dismissal was
25   "without prejudice." ECF No. 88-2 at 9. Plaintiff's argument ignores the context of the
     Court's June 24, 2024 Order. As Plaintiff himself notes, the Court clearly noted in the
26   same order that unserved defendants may only be dismissed without prejudice under Rule
     4(m). ECF Nos. 24 at 9; 77 at 12; *Martin v. City of Long Beach*, 2000 WL 1868204, at *1
27   (9th Cir. 2000) (construing a Rule 4(m) dismissal as a dismissal without prejudice).

28

exclusive jurisdiction doctrine, "[i]n proceedings *in rem* or *quasi in rem,* the forum first assuming custody of the property at issue has exclusive jurisdiction to proceed." *40235 Wash. St. Corp. v. Lusardi*, 976 F.2d 587, 589 (9th Cir. 1992); *see Fed. Home Loan Mortg. Corp. v. Ha,* No. 96-55659, 1998 WL 340118, at *1 (9th Cir. June 1, 1998) ("Although the existence of a case in one forum does not generally defeat jurisdiction in another, there is a firmly-rooted exception to this rule: in cases concerning real property, whichever forum assumes control over the property first has exclusive jurisdiction to proceed."). "[T]he party moving for a stay under *Colorado River* bears a heavy burden in justifying such an order." *Ally Bank v. Castle*, No. 11-CV-896 YGR, 2012 WL 3627631, at *3 (N.D. Cal. Aug. 20, 2012).

Plaintiff has not met this heavy burden here. Plaintiff argues the Court must vacate its June 24, 2024 Order and stay the case because the Albatross Property was the subject of a 2019 action and a 2022 action in state court. ECF No. 90 at 9. The 2019 action, however, had already concluded prior to the filing of Plaintiff's federal action. *See Bauman v. Wells Fargo Bank, N.A.*, No. D078697, 2022 WL 1055532, at *1 (Cal. Ct. App. Apr. 8, 2022). Consequently, it would not have prevented this Court from exercising jurisdiction over this federal action. *See Sexton v. NDEX W., LLC*, 713 F.3d 533, 537 (9th Cir. 2013) ("The doctrine of prior exclusive jurisdiction applies to a federal court's jurisdiction over property only if a state court has previously exercised jurisdiction over that same property and retains that jurisdiction in a separate, *concurrent* proceeding.") (emphasis added).

As to the second unlawful detainer action, Plaintiff has not established that that action was an *in rem* or *quasi in rem* action assuming custody of the Albatross Property. Instead, under California law, the "sole question" in an unlawful detainer action is "the right to the possession of the real property described in the complaint." *Bekins v. Trull*, 69 Cal. App. 40, 44 (Dist. Ct. App. 1924). The title to property "is never in issue" in an unlawful detainer suit and "the judgment, whether for plaintiff or defendant, *cannot affect the title*." *Id.* at 45 (emphasis added); *see Vella v. Hudgins*, 20 Cal. 3d 251, 255 (1977)

("[J]udgment in unlawful detainer usually has very limited *res judicata* effect and will not prevent one who is dispossessed from bringing a subsequent action to resolve questions of title or to adjudicate other legal and equitable claims between the parties.") (internal citations omitted).

Even assuming the state court unlawful detainer action was proceeding *in rem* or *quasi in rem*, Plaintiff has failed to adequately show that his *federal* claims involved this Court assuming custody of the Albatross Property. In his original complaint, Plaintiff alleged Wells Fargo did not fund a home equity loan secured by Plaintiff's sister as to the Albatross Property. Plaintiff therefore sought a declaration from this Court that there had therefore been "no consideration and no loan" and Wells Fargo "had no rights" to subsequently foreclose on and sell the Albatross Property nor to keep any monthly payments on the loan Plaintiff's sister may have made. ECF No. 1 ¶ 9.

It is well-established, however, that the "prior exclusive jurisdiction doctrine does not apply where a party seeks declaratory relief regarding property interests." *See Morris v. SPSSM Invs. 8, LP*, No. CV1401305MMMMANX, 2014 WL 12573523, at *6 (C.D. Cal. June 4, 2014) (holding plaintiff's request for an order declaring her interest in the property did not trigger the prior exclusive jurisdiction doctrine); *see Goncalves By & Through Goncalves v. Rady Children's Hosp. San Diego*, 865 F.3d 1237, 1254–55 (9th Cir. 2017) ("Since [movants] seek only a determination of their rights, the action in federal court is an *in personam* action, not an action *in rem* or *quasi in rem*."); *see also Ten Bridges LLC v. Hofstad,* No. 2:19-CV-01134-RAJ, 2020 WL 1940325, at *2 (W.D. Wash. Apr. 22, 2020) ("Judgment on Plaintiff's breach of contract, promissory estoppel, and unjust enrichment claims . . . are inherently *in personam* and the doctrine of prior exclusive jurisdiction does not apply."); *Burke v. Countrywide Mortg. Ventures, LLC,* No. CV 17-00220 DKW-RLP, 2017 WL 3392488, at *4 (D. Haw. Aug. 7, 2017) (first factor did not weigh "heavily" in favor of *Colorado River* stay where civil action was not entirely *in rem* or *quasi in rem* but also proceeded *in personam*). The prior exclusive jurisdiction doctrine would not have prevented the Court from adjudicating Plaintiff's *in*

*personam* claims or request for declaratory relief.

For these reasons, the Court concludes it is not required to vacate its June 24, 2024 Order and a further stay of this case is not warranted.

### b.    Two Dismissal Rule

Plaintiff argues that the Court erred by dismissing Wells Fargo from this action under the "two-dismissal rule." ECF No. 88-2 at 10–18

"Generally, a plaintiff's voluntary dismissal of its case is 'without prejudice.'" *Rose Court, LLC v. Select Portfolio Servicing, Inc.*, 119 F.4th 679, 685 (9th Cir. 2024). The two-dismissal rule creates an exception. *Id.* Under Federal Rule of Civil Procedure 41(a)(1)(B), "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B). "The two-dismissal rule was adopted to limit a plaintiff's ability to dismiss an action and curb abuses of liberal state and federal procedural rules [that] often allowed dismissals or nonsuits as a matter of right until the entry of the verdict." *Rose Court, LLC*, 119 F.4th at 685 (internal quotation marks omitted).

In its June 24, 2024 Order, the Court held Plaintiff's voluntary dismissals in *Marin v. Wells Fargo, N.A.*, Case No. 16-cv-2512-MDD-BEN (S.D. Cal.) ("First Action") and *Marin v. Wells Fargo Bank N.A.*, Case No. 22-cv-7234-VC (N.D. Cal.) ("Second Action") implicated the two-dismissal rule and bar Plaintiff from suing Wells Fargo a third time on the same claims. ECF No. 77 at 4, 8–9.

Plaintiff now contends that: (1) Wells Fargo waived a *res judicata* defense in this case; and (2) the dismissal of Plaintiff's Second Action does not implicate the two-dismissal rule. ECF No. 88-2 at 10–18. Plaintiff did not raise or fully develop these arguments in his opposition to Wells Fargo's motion for judgment on the pleadings and provides no explanation for his failure to do so. *See* ECF No. 59.

The Court did not and could not have erred by failing to consider arguments Plaintiff did not properly raise. *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH*

*& Co.*, 571 F.3d 873, 880 (9th Cir. 2009) ("A motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.") (internal quotation marks omitted); *Sinatro v. Barilla Am., Inc.*, No. 22-CV-03460-DMR, 2024 WL 4008715, at *3 (N.D. Cal. Aug. 29, 2024) ("[Defendant] cannot use a motion for reconsideration to get a 'second bite' at something it could and should have put before the court in the first instance.").

Regardless, Plaintiff's argument that Wells Fargo waived its right to invoke the "two-dismissal rule" in its motion for judgment on the pleadings is not well taken. Plaintiff bases this waiver on statements Wells Fargo made in briefing connected to an earlier motion to dismiss. ECF No. 88-2 at 10–11. However, in that briefing, Wells Fargo merely stated that it was withdrawing "its invocation of the two-dismissal rule *at this time*" and did so "[w]ithout conceding the validity of plaintiff's arguments" as to how the rule did not apply. ECF No. 14 at 5 (emphasis added). Plaintiff cites no legal authority— nor has the Court located any—that holds the limited withdrawal of an argument from the Court's consideration in a specific motion operates as a complete waiver of a defense at all subsequent stages of a case.

Plaintiff's contention that the Second Action does not implicate the two-dismissal rule is equally unpersuasive. ECF No. 88-2 at 17–18. To consider Plaintiff's arguments in proper context, the Court takes judicial notice of the docket and filings in the Second Action and subsequent Ninth Circuit appeal. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts "may take judicial notice of court filings and other matters of public record.").

On February 13, 2023, Plaintiff filed a "motion to clarify" in the Second Action. In this motion, Plaintiff acknowledged he had not paid the filing fee to maintain the action and could not meet the deadlines for service. ECF No. 46-1 at 194–195. Plaintiff then inquired "as to whether the court has entered the order yet to dismiss." *Id.* The court construed Plaintiff's motion to clarify as a "motion for voluntary dismissal without prejudice" and granted the motion. *Id.* at 199. Plaintiff did not request reconsideration in

the Second Action. *See* Case No. 22-cv-7234-VC (N.D. Cal.), Docket. And although Plaintiff did appeal to the Ninth Circuit, he appealed the Northern District's "dismissal order as an excess of jurisdiction," and not on the grounds that the court had misconstrued his motion. Case No. 22-cv-7234-VC (N.D. Cal.), ECF No. 17 at 1. The appeal was later denied as being "so insubstantial as to not warrant further review." Case No. 23-15525 (9th Cir.), ECF No. 2 at 1. The Court rejects Plaintiff's untimely attempt to relitigate the issue of whether the Northern District properly construed his "motion to clarify."

For the reasons above, the Court **DENIES** Plaintiff's motion for reconsideration.[4]

## IV.    CONCLUSION

For the above reasons, the Court: (1) **GRANTS** Defendant's motion for summary judgment [ECF No. 87]; (2) **DENIES** Plaintiff's motion for reconsideration [ECF No. 88]; and (3) **STRIKES** Claim 2 from Plaintiff's FAC. In light of these rulings, the Court also **DENIES AS MOOT** Plaintiff's motion in limine [ECF No. 89].

///

///

---

[4]    Plaintiff also appears to argue that the Court would err in finding an "independent basis for dismissal" based on privity "if the two dismissal rule errs." ECF No. 88-2 at 18–21. As explained herein, the Court finds no error in its application of the two-dismissal rule. The Court also stands by its June 24, 2024 Order as it relates to issues of privity.

Finally, Plaintiff also disagrees with the Court's finding that the instant action arose from the "same transactional nucleus of facts" as the First and Second Actions. ECF Nos. 77 at 5–7; 88-2 at 27–28. Plaintiff's mere disagreement is not a valid basis for reconsideration. *See In re Delta Air Lines, Inc.*, No. LA CV20-00786 JAK (SKX), 2024 WL 3850486, at *8 (C.D. Cal. May 30, 2024) ("A party's disagreement with a court's legal analysis is not a basis for reconsideration."); *Winfield v. Gonzalez*, No. 23-CV-783 JLS (BGS), 2024 WL 3877256, at *2 (S.D. Cal. Aug. 20, 2024) ("[A] motion for reconsideration cannot be granted merely because Plaintiff is unhappy with the judgment, is frustrated by the Court's application of the facts to binding precedent, or disagrees with the Court's ultimate decision.").

The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: April 10, 2025

_____
Hon. Robert S. Huie
United States District Judge

23-cv-336-RSH-BLM