UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEL MARIN,<br><br>        Plaintiff,<br><br>v.<br><br>JOHN BAHR, et al.,<br><br>        Defendants. | Case No.: 23-cv-336-RSH-BLM<br><br>**ORDER DENYING PLAINTIFF'S RULE 59 AND RULE 60 MOTIONS**<br><br>[ECF Nos. 94, 95] |

Before the Court are motions filed by plaintiff Mel Marin pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure. ECF Nos. 94, 95. As set forth below, the Court denies the motions.

**I.  BACKGROUND**

  **A.  Plaintiff's Allegations**

The instant action arises from unlawful detainer proceedings brought against Plaintiff in California Superior Court. Plaintiff's First Amended Complaint ("FAC") alleges as follows.

In 2007, Plaintiff's sister obtained a home equity loan secured by a condominium located at 2410 Albatross Street, San Diego, California (the "Albatross Property"). ECF No. 78 ¶ 15. According to Plaintiff, the loan was never funded, but the lender, World

Savings (later acquired by Wells Fargo), nonetheless sought to foreclose and resell the Albatross Property to new owners. *Id.* ¶¶ 15, 19, 26. In other words, Plaintiff claims the bank never lent any money but was somehow able to successfully foreclose on the Albatross Property. On October 2, 2022, the new owners of the property filed an unlawful detainer action against Plaintiff and his sister in San Diego Superior Court. *Id.* ¶ 27. The owners were represented by defendant Marshall in this unlawful detainer action. *Id.*

### B. Procedural Background

On February 21, 2023, Plaintiff filed his *pro se* Complaint in the instant action naming seven defendants: Wells Fargo, Clear Recon, the Vanguard Group, John Bahr, John Saxe, John Kallas, and Daniel Marshall. ECF No. 1. Plaintiff's Complaint asserted claims for: reformation of contract (Claim 1); deceit (Claim 2); violations of California foreclosure processing statutes (Claim 3 and 4); violations of California's Unfair Competition Law ("UCL") (Claim 5); violation of the California Business Practices Act (Claim 6); setting aside the March 4, 2019 and September 7, 2022 sales, and for quiet title (Claim 7); conversion (Claim 8); and interference with prospective economic advantage (Claim 9). *Id.* ¶¶ 77–295.

On June 24, 2024, the Court granted Wells Fargo's motion for judgment on the pleadings. ECF No. 77. The Court dismissed Clear Recon, Saxe, Kallas, and Vanguard from this action for lack of proper service; and dismissed Wells Fargo and Bahr from this action under the doctrine of *res judicata*. *Id.* at 4–10, 12, 14. The Court granted Plaintiff leave to file an amended complaint as to Claims 2, 5, 6, 7 and 9 against defendant Marshall only. *Id.* at 14.

On July 15, 2024, Plaintiff filed his FAC, the operative pleading in this case. ECF No. 78. The FAC asserted claims against Marshall for deceit (Claim 1) and conversion (Claim 2). FAC ¶¶ 79–138.

On February 28, 2025, Marshall filed a motion for summary judgment. ECF No. 87. On the same day, Plaintiff filed a motion for reconsideration of the Court's June 24,

2024 order. ECF No. 88.

On April 10, 2025, the Court granted Marshall's motion for summary judgment, and denied Plaintiff's motion for reconsideration. ECF No. 91. Final judgment was entered the following day. ECF No. 93.

On May 8, 2025, Plaintiff filed his Rule 59 motion. ECF No. 94. The next day, he filed his Rule 60 motion. ECF No. 95. Marshall opposes. ECF No. 98.

## II.  PLAINTIFF'S RULE 59 MOTION

### A.  Legal Standard

The Court construes Plaintiff's Rule 59 motion as a motion to alter or amend the judgment pursuant to Rule 59(e). "Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). "A motion for reconsideration under Rule 59(e) 'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). "A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).[1]

### B.  Discussion

Plaintiff's Rule 59 motion is, in effect, a *second* motion for reconsideration of the Court's order of June 24, 2024 granting Wells Fargo's motion for judgment on the

---

[1]  Plaintiff previously argued, quoting this same case, that "[f]or reconsideration that movant must argue new law that was not available the first time around." ECF No. 57 at 3.

pleadings. ECF No. 77. The Court previously denied Plaintiff's *first* motion for reconsideration both as untimely—Plaintiff filed his motion over nine months after the order for which he sought reconsideration—as well as on the merits. ECF No. 91 at 10–16.

Plaintiff now argues that the Court erred in denying the first motion to reconsider as untimely, arguing that he brought his motion "within 30 days of [a] change in the law," referring to the Ninth Circuit's decision in *Rose Ct., LLC v. Select Portfolio Servicing, Inc.*, 119 F.4th 679 (9th Cir. 2024), issued on October 17, 2024. ECF No. 94-1 at 5. However, Plaintiff did not bring his motion to reconsider with 30 days of the issuance of that opinion, but rather over four months later. Additionally, Plaintiff's motion did not cite that case; and in any event, the case did not effect a change in the applicable law cited in the Court's order granting judgment on the pleadings.

Plaintiff's Rule 59 motion also raises a host of new arguments for why the Court erred in granting judgment on the pleadings on the grounds of res judicata. ECF No. 84-1 at 6–10. However, Plaintiff fails to show that he could not have raised these arguments in opposing judgment on the pleadings in the first place. Wells Fargo's motion for judgment on the pleadings argued res judicata extensively, *see* ECF No. 46 at 1, 7–10, 13–14, 16–19, 21–24, yet Plaintiff's opposition addressed the doctrine only briefly, *see* ECF No. 57 at 14–15. Plaintiff was also at liberty to make many of these arguments in his first motion for reconsideration, which the Court denied as untimely but also on the merits. In the absence of newly discovered evidence or an intervening change in the law, the Court declines to yet again address the merits of Plaintiff's arguments for reconsideration, either new or old.

### III.     PLAINTIFF'S RULE 60 MOTION

#### A.     Legal Standard

Plaintiff's second motion is based on Rule 60(b)(4), which provides that a Court may grant relief from a final judgment where "the judgment is void." Fed. R. Civ. P. 60(b)(4). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised

either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). "Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an arguable basis for jurisdiction." *Id.* (internal quotation marks omitted).

**B.    Discussion**

Plaintiff argues that because he filed for bankruptcy during the pendency of this lawsuit, this Court lacked subject matter jurisdiction to dismiss his claims in this lawsuit or to enter judgment for Defendants. This is incorrect. A bankruptcy notice results in an automatic stay, but the stay does not extend to lawsuits initiated by the debtor. *See In re Palmdale Hills Prop., LLC*, 423 B.R. 655, 663 (B.A.P. 9th Cir. 2009) ("[T]he automatic stay has been found inapplicable to lawsuits initiated by the debtor."). Plaintiff's filing of a bankruptcy petition on December 9, 2024, *see In re Marin*, No. 24-bk-4690-JBM (Bankr. S.D. Cal.), did not deprive this Court of subject matter jurisdiction over his pending civil lawsuit. The judgment in this case was not void.

**IV.   CONCLUSION**

For the above reasons, the Court **DENIES** Plaintiff's motions made under Rule 59 [ECF No. 94] and Rule 60 [ECF No. 95].

**IT IS SO ORDERED.**

Dated: October 15, 2025

_____
Hon. Robert S. Huie
United States District Judge